UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOHEMI ALMENDAREZ, HOUTEX (USA) INC., and GLORIOUS SUN PROPERTY MANAGEMENT (USA), INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-1160-B |
| CITY OF COPPELL, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Coppell (the "City")'s Motion to Dismiss Under Rule 12(b)(1), or Alternatively, Under Rule 12(b)(6) (Doc. 8). For the reasons stated below, the Court **DENIES** the City's Motion and **REMANDS** this case to the 162nd Judicial District Court of Dallas County, Texas.

### I.

### BACKGROUND

This lawsuit principally concerns a challenge to the validity of Plaintiff Nohemi Almendarez's criminal conviction for violations of the City's Property Management Code ("Property Code"). Doc. 6, Am. Compl., ¶¶ 1–12. Almendarez was convicted in a Municipal Court in Coppell, Texas after a jury found that Almendarez failed to maintain the Riverchase apartment complex (the "Riverchase Property")[1] in reasonably good repair as required by the Property Code.

---

[1] The Riverchase Property is located at 600 South MacArthur Boulevard, Coppell, Texas.

*Id.* ¶¶ 3–4. 25–29; *see also* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. The Riverchase Property is owned by Plaintiff Houtex (USA) Inc. ("Houtex") and managed by Plaintiff Glorious Sun Property Management (USA) Inc. ("Glorious"). Doc. 6, Am. Compl., ¶¶ 20, 22. A jury found that Almendarez, as an employee of Glorious, was a "person in managing control" of the Riverchase Property under an obligation to ensure that the Riverchase Property complied with the Property Code. Doc. 6, Am. Compl., ¶ 4; *see* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. This lawsuit seeks to set aside Almendarez's conviction. Doc. 6, Amended Compl., 16.

Issues with the Riverchase Property began in February 2021. *Id.* ¶ 19. At that time, an unprecedented winter storm swept across Texas, with record-low temperatures reaping widespread damage to buildings across the state. *Id.* One such building damaged by the storm was the Riverchase Property. *Id.* ¶¶ 19–20. As a result of the winter storm, the Riverchase Property's pipes burst, causing flooding in some apartment units and, in one case, "a fire ensued." *Id.* ¶ 20.

On January 10, 2022, the City inspected the Riverchase Property and discovered violations of the Property Code. *Id.* ¶ 25. The City then sent notices "regarding the need for repairs" to Tracey McGoughy, the registered agent for Houtex and Glorious. *Id.* ¶ 23. Thereafter, the City sent additional courtesy notices and final notices to Houtex and Glorious, through McGoughy, and to the Riverchase Property's management, through Almendarez; however, Almendarez claims that she never received notice of the alleged violations of the Property Code in her individual capacity. *Id.* ¶¶ 25, 42. The final notices stated that if the violations were not remedied by June 29, 2022, "a complaint can be filed with the Coppell Municipal Court." *Id.* ¶ 26.

After the noticed Property Code violations went unresolved, the City "charged Almendarez, and only her, with violations of the [Property Code] and held her to a strict liability standard." *Id.* ¶ 31. On February 7, 2023, Almendarez was found guilty of six separate misdemeanor

violations stemming from the failure to bring the Riverchase Property into compliance with the Property Code. *See* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. On February 21, 2023, Almendarez filed a motion for new trial, which the Municipal Court ultimately denied. *See* Doc. 6-7, Mot.; Doc. 6, Am. Compl., ¶ 9.

On April 6, 2023, Almendarez, Houtex, and Glorious (collectively "Plaintiffs") filed their original petition in Texas state court, seeking to invalidate Almendarez's conviction. Doc. 1-1, Pet. Plaintiffs' claims were brought under "Chapter 214.0012 of the Local Government Code to appeal the findings of the Coppell Municipal Court." *Id.* ¶ 1. According to Plaintiffs, the Municipal Court proceedings that led to Almendarez's conviction violated her federal constitutional rights. *Id.* ¶¶ 21–34. For instance, Plaintiffs pleaded that the Municipal Court permitted "racial prejudice in the proceedings, which the Municipal Court failed to correct by granting a motion for new trial," *id.* ¶ 28, and that the "entire process [was] unconstitutional for lack of proper due process." *Id.* ¶ 25. The petition requested that the Texas court "review . . . all [of the] Municipal Court's actions related to the judgments against Plaintiff Almendarez," *id.* ¶ 25, invalidate "the Municipal Court proceeding, and [enter] judgment for Plaintiffs." *Id.* ¶ 31.

The City removed Plaintiffs' state court petition on May 19, 2023, invoking this Court's jurisdiction under 28 U.S.C. § 1331. *See* Doc. 1, Notice of Removal. Then, on May 24, 2023, while Plaintiffs' case was pending in this Court, Almendarez separately appealed her Municipal Court conviction to the Dallas County Court of Criminal Appeals. *See* Doc. 3-2, Notice of Appeal. The Court of Criminal Appeals denied Almendarez's appeal for lack of jurisdiction and remanded the case to the Municipal Court on June 22, 2023. *See* Doc 8-2, Order. After Almendarez's appeal was denied, Plaintiffs amended their complaint in this case. Doc. 6, Am. Compl.

The City filed the present Motion to Dismiss Plaintiffs' Amended Complaint on July 14, 2023. Doc. 8, Mot. The City argues that this Court lacks subject-matter jurisdiction over the present dispute, or alternatively, that Plaintiffs have failed to state a claim. *Id*. After briefing by the parties, the City's Motion is ripe for review.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id*. (internal quotation omitted).

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[T]he removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Because the burden falls on the removing party to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Where "it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

III.

ANALYSIS

The City argues that Almendarez's claims should be dismissed for lack of subject-matter jurisdiction as they amount to an appeal of a state court judgment and thus fall outside the Court's jurisdiction. The City further argues that the Court lacks subject-matter jurisdiction to hear Houtex and Glorious's claims because these parties lack standing. The Court agrees that it lacks jurisdiction over each claim asserted in this litigation. However, the Court may not dismiss a case that was initiated in state court (and subsequently removed) for lack of subject-matter jurisdiction. *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 447 (5th Cir. 2023) ("[T]he literal words of § 1447(c), on their face, give no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case shall be remanded." (citations and alterations omitted)). Accordingly, the Court remands to the 162nd Judicial District Court of Dallas County, Texas.

A. *Almendarez's Claims*

Almendarez's claims, as asserted in Plaintiffs' state court petition, could not have originally been filed in federal court because the Court would not have had jurisdiction over those claims under the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine generally precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments.'" *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (footnote omitted) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam)). The doctrine stems from cases interpreting 28 U.S.C. § 1257, which vests federal review of final state-court judgments in the Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283

(2005). This explicit grant of jurisdiction in the Supreme Court has been interpreted to implicitly preclude appellate review of final state-court judgments in any other federal court—this is the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp.*, 544 U.S. at 283. The *Rooker-Feldman* doctrine effectuates the congressional judgment that state-court rulings should first be "reviewed and corrected by the appropriate state appellate court" and that "recourse at the federal level [be] limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over a case "where a party in effect seeks to take an appeal of an unfavorable state-court decision." *Miller*, 35 F.4th at 1011 (citations omitted). However, "*Rooker-Feldman* is a narrow jurisdictional bar." *Id.* at 1010 (citations omitted). *Rooker-Feldman* is limited to those federal court actions initiated by "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citations omitted). Further, the *Rooker-Feldman* doctrine only applies where the state court proceedings have ended prior to the initiation of the federal suit.[2] *See Miller*, 35 F.4th at 1012.

---

[2] The Fifth Circuit has also stated that "the *Rooker-Feldman* doctrine [does not] bar an action in federal court when that same action would be allowed in the state court of the rendering state." *Davis v. Bayless*, 70 F.3d 367, 376 (5th Cir. 1995) (citation omitted). At first glance, it appears that Plaintiffs' original action would have been allowed to proceed in Texas courts. Plaintiffs' state court petition was brought under TEX. LOC. GOV'T CODE § 214.0012, which allows certain parties who are "aggrieved by an order of a municipality . . . [to] file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." However, as the City correctly observes, an appeal under § 214.0012 may only be taken as to municipal orders "issued under Section 214.001." *Id.*; *see* Doc. 8, Mot., 8. The Municipal Court's judgment against Almendarez was not issued under TEX. LOC. GOV'T CODE § 214.001. *See* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33.

Applying these principles here, the Court concludes that Almendarez's claims, as asserted in the state court petition,[3] are barred under the *Rooker-Feldman* doctrine.

First, Almendarez is a state-court loser, as she was tried, convicted, and fined for violating the Property Code in Texas Municipal Court. *See* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33; *Bergin v. Texas*, No. 4:20-CV-017-SDJ, 2022 WL 874172, at *5 (E.D. Tex. Mar. 23, 2022). Second, Almendarez alleged a harm caused by a state-court judgment. In the state court petition, Almendarez pleaded that: "[The] Municipal Court's processes and procedures did not afford Plaintiffs proper notice and hearings, which [resulted in] a due process violation of the Texas and United States Constitutions"; "the entire process [was] unconstitutional for lack of proper due process"; "[t]he facts and procedures that gave rise to [Almendarez's conviction] . . . demonstrate . . . wrongful action and prosecutorial abuse by [the] Municipal Court"; and "the failure of process and inarticulate nature of the Coppell Municipal Court . . . [in the] allowance of racial prejudice[] in the proceedings, which the Municipal Court failed to correct by granting motion for new trial," constituted discrimination subject to strict scrutiny. Doc. 1-1, Original Pet., ¶¶ 19–28. These claimed injuries were either directly caused by the Municipal Court's judgments or inextricably intertwined with these judgments "such that the true thrust of [Almendarez's] allegations is against the merits of the [Municipal Court] . . . proceedings." *See Smith v. Woods*, No. CV 19-14779, 2020 WL 3606271, at *11 (E.D. La. July 2, 2020) (alterations and citations omitted), *aff'd*, 853 F. App'x

---

[3] Although Almendarez has since amended her complaint, "[t]he Court must look to Plaintiff's operative complaint *at the time of removal* to determine whether" jurisdiction exists. *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 829 (N.D. Tex. 2014) (Lynn, J.) (emphasis added); Doc. 6, Am. Compl. Thus, the amended complaint cannot be used to cure the jurisdictional deficiency in her original petition that existed at the time of removal. *See Allen.*, 5 F. Supp. 3d at 829.

980 (5th Cir. 2021). Third, Almendarez initiated this action after the Municipal Court judgment was issued. *See* Doc. 1-1, Original Pet; Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. Fourth, Almendarez requested review and reversal of the Municipal Court judgment. The state court petition unequivocally stated that "Plaintiffs bring[] this action . . . to appeal the findings of the Coppell Municipal Court," Doc. 1-1, Original Pet., ¶ 1, and requested that the court "review . . . all [of the] Municipal Court's actions related to the judgments against Plaintiff Almendarez" and "invalidat[e] . . . the Municipal Court proceeding." Doc. 1-1, Original Pet., ¶¶ 25, 31.

Accordingly, Almendarez's claims were brought by a state-court loser alleging harm caused by a state-court judgment that was rendered before the district court proceedings began. She now seeks review and reversal of the state-court judgment. Therefore, *Rooker-Feldman*'s jurisdictional bar applies unless the state court proceedings were ongoing at the time this litigation was started.

The Fifth Circuit has not had much occasion to clarify when exactly state proceedings end for purposes of the *Rooker-Feldman* doctrine. *See Miller*, 35 F.4th at 1012. However, courts outside this Circuit have generally concluded that state proceedings have ended "if a lower state court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (citations omitted); *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005); *Veasley v. Fed. Nat. Mortg. Ass'n (FNMA)*, 623 F. App'x 290, 294 (6th Cir. 2015). The Court finds these cases persuasive and, therefore, applies this rule to the present analysis.

Here, the Court concludes that the state court proceedings had ended because Almendarez did not timely appeal the Municipal Court's judgment prior to initiating the present lawsuit. The Municipal Court entered judgment against Almendarez on February 7, 2023. Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. Almendarez filed a motion for new trial with the Municipal Court on February

21, 2023. Doc. 6-7, Mot., 7. To properly perfect an appeal, Almendarez was required to file notice of appeal within ten days of the Municipal Court's ruling on her motion for new trial. *See* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. While the record does not contain the Municipal Court's order on Almendarez's motion for new trial, under applicable law, a motion for new trial is overruled by operation of law if "the court does not act on the motion before the expiration of 30 days." TEX. GOV'T CODE § 30.00014(c). Thus, at the latest, Almendarez's motion was overruled on March 23, 2023, and she needed to file a notice of appeal within ten days of this date—i.e., by April 2—in order to timely perfect her appeal. *See id.*; Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. However, Almendarez did not timely appeal the Municipal Court's judgement prior to initiating the present litigation on April 6, 2023; therefore, she allowed "the time for appeal to expire," and the state proceedings had ended for purposes of *Rooker-Feldman. See Bear,* 451 F.3d at 642.

Although Almendarez did appeal the Municipal Court's judgment on May 24, 2023, Doc. 3-2, Notice of Appeal, this appeal was untimely—indeed, the Court of Criminal Appeals ultimately denied the appeal for lack of jurisdiction. *See* Doc. 8-2, Order. Moreover, her appeal was not pending at the time this case was removed to federal court. *See id*. Under these circumstances, the Court concludes that the state proceedings had ended at the time this lawsuit was filed.

In sum, the Court concludes that Almendarez's claims could not have been originally brought in federal court because the Court would have been without jurisdiction to entertain them under the *Rooker-Feldman* doctrine. As such, the City was not entitled to remove Almendarez's claims to federal court.[4] 28 U.S.C. § 1441; *see Martin,* 546 U.S. at 134. Because it reasonably

---

[4] Although the City's notice of removal invoked this Court's jurisdiction under 28 U.S.C. § 1331, Congress only vested district court's with "original jurisdiction" over cases arising under federal law. Thus, that the state court petition raised a federal question, by itself, is insufficient sustain the exercise of jurisdiction.

appears that the Court lacks jurisdiction over Almendarez's claims, remand is required. *See* 28 U.S.C. § 1447(c); *Bell v. Valdez*, No. 99-40661, 2000 WL 122411, *1 (5th Cir. Jan. 4, 2000).

B.      *Houtex and Glorious's Claims*

Houtex and Glorious were not parties to the Municipal Court proceedings and thus were not state court losers. And because they were not state court losers, the *Rooker-Feldman* doctrine does not apply. *See Miller*, 35 F.4th at 1010. However, the Court lacks jurisdiction over Houtex and Glorious's claims for an independent reason—they lack standing.

Article III of the United States Constitution limits the subject-matter jurisdiction of the federal courts to certain "Cases" and "Controversies." U.S. CONST. art. III, § 2. "In an attempt to give meaning to Article III's 'case or controversy requirement,' the courts have developed a series of principles termed 'justiciability doctrines.'" *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). One such justiciability doctrine is standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

"The essence of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (citations omitted). There are three elements to constitutional standing: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "there must be a causal connection between the injury and the conduct complained of," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United States v. Hays*, 515 U.S. 737, 742–43 (1995) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "If the plaintiff does not claim to have suffered an injury that the defendant

caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) (citation omitted).

Here, Houtex and Glorious have not pleaded an injury in fact and thus lack standing. The original petition and amended complaint only claim that the City violated Almendarez's federal constitutional rights in conducting the Municipal Court proceedings. *See generally* Doc. 1-1, Original Pet.; Doc. 6, Am. Compl. However, Houtex and Glorious were not parties to the Municipal Court proceedings, and therefore, their constitutional rights were not implicated by the City's allegedly unconstitutional conduct in these proceedings. *See* Doc. 8-1, Judgments, 2, 9, 15, 21, 27, 33. Nor do the pleadings suggest that Houtex and Glorious otherwise expended any resources in Almendarez's defense such that they might have sustained even the slightest injury as a result of her conviction. Thus, it appears that Houtex and Glorious have suffered no injury.

Houtex and Glorious nevertheless argue that they have "standing by agency." Doc. 9, Resp., ¶ 30. According to Houtex and Glorious, Almendarez was their agent, and as such, "Houtex and Glorious . . . have liability for the allegations and fines assessed against Almendarez." *Id*. The Court is not persuaded as there is nothing in the pleadings demonstrating that Houtex and Glorious are vicariously liable for Almendarez's criminal conviction. *See Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) ("[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference (citations omitted)). To be sure, under Texas law, "a corporation may be held liable for criminal acts performed by its agents acting on its behalf." *Vaughan & Sons, Inc. v. State*, 737 S.W.2d 805, 806 (Tex. Crim. App. 1987) (en banc). However, a corporation can only be ordered to pay a criminal fine if it "is adjudged guilty." TEX. PENAL CODE. § 12.51. Here, neither Houtex nor Glorious were adjudged guilty for the acts of its agent. Thus, contrary to Houtex and Glorious's

contention, they are not liable to the City for the fines assessed against Almendarez under applicable law. And to the extent Houtex and Glorious claim that, pursuant to some agreement between the parties, they are obliged to reimburse Almendarez for criminal fines related to her employment, no such agreement has been alleged. Therefore, Houtex nor Glorious have not established that they suffered an injury in fact stemming from Almendarez's conviction.

In sum, Houtex and Glorious have failed to establish that they sustained an injury in fact as a result of Almendarez's conviction. Because they have failed to establish an injury in fact, they have failed to establish standing. And because they have failed to establish standing, it reasonably appears the Court lacks subject-matter jurisdiction, and remand is required.

### III.

### CONCLUSION

For the reasons stated above, the Court concludes that it lacks subject-matter jurisdiction over the claims asserted in this case. While the City has moved for dismissal, "when a district court determines that it lacks subject matter jurisdiction over a removed case, it must remand." *Spivey*, 79 F.4th at 447. Accordingly, the Court **DENIES** the City's Motion to Dismiss and **REMANDS** this case to the 162nd Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

**SIGNED: March 6, 2024.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE